Minute Order Form (rev. 12/90)

# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other Than Assigned Judge | |
|---|---|---|---|
| Case Number | 99 C 7536 | Date | July 10, 2000 |
| Case Title | LEVETT et al -v- BOARD OF EDUCATION OF THE CITY OF CHICAGO et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd-party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [use listing in "MOTION" box above]
(2) ☐ Brief in support of motion due _____
(3) ☐ Answer brief to motion due _____ Reply to answer brief due _____
(4) ☐ Ruling/Hearing on _____ set for _____ at _____
(5) ☒ Status hearing ☐ held ☐ continued to ☒ set for ☐ re-set for 27 JULY 00 at 10:00 am
(6) ☐ Pretrial conf. ☐ held ☐ continued to ☐ set for ☐ re-set for _____ at _____
(7) ☐ Trial ☐ Set for ☐ re-set for _____ at _____
(8) ☐ ☐ Bench Trial ☐ Jury Trial ☐ Hearing held and continued to _____ at _____
(9) ☐ This case is dismissed ☐ without ☐ with prejudice and without costs ☐ by agreement ☐ pursuant to
☐ FRCP 4(j) (failure to serve) ☐ General Rule 21 (want of prosecution) ☐ FRCP 41(a)(1) ☐ FRCP 41(a)(2)
(10) ☒ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendants' motion to dismiss is denied as to plaintiffs' § 1983 claim against the individual defendants in their official capacities as well as the false arrest claim in Count II against defendants Board, Todd, Dailey and Wilson. These dismissals are without prejudice. The individual defendants are given to July 21, 2000 to answer the remaining claims in the second amended complaint. The parties are to conduct an FRCP 26(f) conference and file a form 35 by July 25, 2000.
(11) ☒ [For further detail see ☐ order on the reverse of ☒ order attached to the original minute order form.]

| | | | |
|---|---|---|---|
| ☐ No notices required, advised in open court. | | | number of notices |
| ☐ No notices required. | | | |
| ☒ Notices mailed by judge's staff. | | JUL 11 2000 | date docketed |
| ☐ Notified counsel by telephone. | | | |
| ☐ Docketing to mail notices. | | | docketing dpty. initials |
| ☐ Mail AO 450 form. | | | |
| ☐ Copy to judge/magistrate Judge. | | 7-11-00 | date mailed notice |
| courtroom deputy's initials | Date/time received in central Clerk's Office | | mailing dpty. initials |

Document # 50

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ADAM T. LEVETT, a minor by and through his mother, TERI MEADE, STEPHANIE MARK, a minor by and through her mother, NINA MARK, EVYENIA KAPETANOPOULOS, by and through her mother, JEANNA CONSTANTINE, and DEMETRIA KAPETANEOUPOULOS, by and through her mother, JEANNA CONSTANTINE,

    Plaintiffs,

v.

BOARD OF EDUCATION OF THE CITY OF CHICAGO,[1] JANIS TODD, individually and officially, WILLIE DAILEY, individually and officially, JAMES WILSON, individually and officially, LT. DURBAK, individually, SGT THOMAS, individually, and UNKNOWN INDIVIDUALS,

    Defendants.

No. 99 C 7536

DOCKETED
JUL 1 1 2000

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiffs Adam T. Levett, a minor by and through his mother, Teri Meade, Stephanie Mark, a minor by and through her mother, Nina Mark, Evyenia Kapetanopoulos, by and through her mother, Jeanna Constantine, and Demetria Kapetaneoupoulos, by and through her mother, Jeanna

---

[1] Plaintiffs filed their complaint against defendant Chicago Board of Education, which was replaced and succeeded by the Board of Education of the City of Chicago pursuant to amendments of the Illinois School Code. See 105 ILCS 5/34-1 et seq. Accordingly, defendant Chicago Board of Education will be replaced by the Board of Education of the City of Chicago as the proper defendant.

1



Constantine, (hereinafter referred to collectively as "plaintiffs") filed a three-count second amended complaint against defendants Board of Education of the City of Chicago ("Board"), Janis Todd ("Todd"), Willie Dailey ("Dailey"), James Wilson ("Wilson"), Lt. Durbak, Sgt. Thomas, and unknown individuals, alleging unreasonable search and seizure (Count I), false arrest (Count II), and permanent injunction (Count III), arising out a random metal detector screening of students at Lincoln Park High School on November 16, 1999. Defendants Board, Todd, Dailey, and Wilson have filed a motion to dismiss the claims asserted against them in plaintiffs' second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, defendants' motion is GRANTED in part and DENIED in part.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the court must presume all of the well-pleaded allegations of the complaint to be true. Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 97 S. Ct. 2490, 2492 n.2 (1977). The court must view those allegations in the light most favorable to the plaintiff. Gomez v. Illinois State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal under Rule 12 (b)(6) is proper only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); see also Panares v. Liquid Carbonic Industries Corp., 74 F.3d 786, 791 (7th Cir. 1996).

## ANALYSIS

I.  Section 1983 Claim (Count I)

In Count I, plaintiffs alleges that defendants Board, Todd, Dailey, and Wilson deprived them of their constitutional rights in violation of 42 U.S.C. § 1983 when they requested the random search

2

and devised a plan to search on November 16, 1999. Defendants make several arguments why the second amended complaint filed against them should be dismissed. Each argument will be discussed separately below.

A. <u>Section 1983 Claim Against Individual Defendants in Their Official Capacities</u>

The individual defendants move to dismiss the claims alleged against them in their official capacities, asserting that they are redundant in that plaintiffs also bring their action against the Board. Suits against a government officer in his or her official capacity is simply another way of pleading an action against an entity of which the officer is an agent. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985). Thus, the Seventh Circuit has held that where a unit of local government is sued, the suit against the officials is redundant and should therefore be dismissed. <u>Jungels v. Pierce</u>, 825 F.2d 1127, 1129 (7th Cir. 1987). Here, plaintiffs have also sued the Board under § 1983. Hence, a suit against the individual defendants in their official capacities is purely redundant and must be dismissed. Accordingly, defendants' motion to dismiss the § 1983 claim against them in their official capacity is GRANTED.

B. <u>Section 1983 Claim Against Individual Defendants in Their Individual Capacities</u>

1. <u>Personal Involvement of Individual Defendants</u>

The individual defendants claim that plaintiffs' second amended complaint fails to state any facts to support their personal involvement. In a § 1983 case, a defendant may not recover damages from an official under the doctrine of respondeat superior. <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1428 (7th Cir. 1996). Instead, in order to recover damages "the plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." <u>Gentry v. Duckworth</u>, 65 F.3d 555, 561 (7th Cir. 1995). The plaintiff does not need to show that the official physically

3

undertook the actions that led to the claimed constitutional violation, but may recover damages "if the conduct causing the constitutional violation occurs at [the official's] direction or with [his or her] knowledge and consent." Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982). In other words, an official is subject to liability if he or she knows about, approves, condones or turns a blind eye to the unconstitutional conduct. Gentry, 65 F.3d at 561. Thus, a plaintiff must establish a causal link between the conduct in question and the party or parties he or she wishes to hold liable. Id.

Here, plaintiffs have alleged sufficient facts in their complaint to establish at least indirect personal involvement on the part of each of the individual defendants. Plaintiffs have alleged that defendants, Todd as principal, Dailey as assistant principal and security chief at the school, and Wilson, as metal detector coordinator of the school and officer in charge of the search, devised the plan to conduct the search. While plaintiffs do state they are unaware where specifically each defendant was during the search, this does not defeat the allegations of the complaint. Instead, plaintiffs complied with notice pleading under the Federal Rules and sufficiently alleged that defendants Todd, Dailey, and Wilson knew about, condoned, and possibly turned a blind eye to the alleged constitutional violations. Consequently, Count I of plaintiffs' second amended complaint against the individual defendants cannot be dismissed on this basis.

2. Acting Under Color Of State Law

Defendants next argue that plaintiffs failed to sufficiently allege that defendants Todd, Dailey, and Wilson were acting under the color of state law. While plaintiffs may not specifically state that defendants Todd, Dailey, and Wilson were acting under state law, this court finds that defendants Todd, Dailey, and Wilson were clothed with state authority when they authorized and carried out the search at the school. Thus, the court finds that plaintiffs adequately plead a cause of

4

action under § 1983 against the individual defendants Todd, Dailey, and Wilson in their individual capacities. Therefore, defendants' motion to dismiss the § 1983 claim against the individual defendants in their individual capacities is DENIED.

C. Section 1983 Claim against Defendant Board

Defendant Board moves to dismiss the § 1983 claim against it, claiming that it cannot be held liable under § 1983. Defendant Board specifically claims that defendants Todd, Dailey, and Wilson were not vested with any policy making authority, and therefore, the Board cannot be held liable. A governmental entity may not be held liable for the unlawful acts of its employees under 42 U.S.C. § 1983 solely on a theory of respondeat superior. McNabola v. Chicago Transit Authority, 10 F.3d 501, 509 (7th Cir. 1993) (citing Leatherman, 507 U.S. 163, 113 S.Ct. 1160 (1993); Monell v. Dep't of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978); Wilson v. City of Chicago, 6 F.3d 1233, 1240 (7th Cir. 1993), cert. denied, 511 U.S. 1088, 114 S.Ct. 1844 (1994)). Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694, 98 S.Ct. at 2040; see also Sams v. City of Milwaukee, Wis., 117 F.3d 991, 994 (7th Cir. 1997). A plaintiff bringing a § 1983 claim against a municipality must also show that the policy or custom proximately caused the alleged constitutional deprivation. McNabola, 10 F.3d at 510 (citations omitted).

Here, plaintiffs contend that each of the individual defendants acted under the authority of Board policy, and therefore, should be deemed to be policy makers. Yet, plaintiffs do not refute the fact that under Illinois law, which this court must look to determine whether someone is vested with policy making authority, none of the individual defendants are vested with such authority. See Jett

5

v. Dallas Independent School Dist., 491 U.S. 701, 737, 109 S.Ct 2702, 2723 (1989); 105 ILCS 5/10-21.4a; Cornfield v. Consolidated High School Dist., 991 F.2d 1316, 1324 (7th Cir. 1993). Thus, plaintiffs' failure to allege that the individual defendants themselves are policy makers or provide any authority that the individual defendants were in fact policy makers warrants a finding in favor of defendants on their motion to dismiss. See Baskin v. City of Des Plaines, 138 F.3d 701, 704 (7th Cir. 1998). Furthermore, plaintiffs do not even allege that a Board official with policy making authority acknowledged the individual defendants conduct and approved it. See id. Therefore, the facts now before the court merely show the individual defendants were carrying out Board policy and, without more, the Board cannot be held liable. Hence, plaintiffs have failed to properly state a § 1983 claim against defendant Board. Accordingly, the § 1983 claim in Count I against defendant Board must be dismissed. Defendants' motion in that respect is hereby GRANTED.

II. False Arrest Claim (Count II)

In Count II, plaintiffs allege that their rights under the Fourth and Fourteenth Amendment were violated based upon a claim of false arrest. Defendants move to dismiss Count II claiming that it fails to state a claim for false arrest. In order to prevail on a Fourth Amendment § 1983 claim for false arrest, a plaintiff must show the defendant lacked probable cause for his or her arrest. Booker v. Ward, 94 F.3d 1052, 1057 (7th Cir. 1996) (citing Jones by Jones v. Webb, 45 F.3d 178, 181 (7th Cir. 1995)). The Seventh Circuit has repeatedly held that the existence of probable cause for arrest is an absolute bar to a § 1983 claim for false arrest. Jones, 45 F.3d at 183; Sheik-Abdi v. McClellan, 37 F.3d 1240, 1247 (7th Cir. 1994). Defendants assert that plaintiffs make mere conclusory allegations that defendants lacked probable cause for detaining the students. Moreover, defendants assert that they were within their legal rights to require the students to remain in a certain area.

Although plaintiffs make a conclusory allegation that they were held without probable cause, plaintiffs provide additional facts in their response to establish lack of probable cause. Hentosh v. Herman M. Finch Univ., 167 F.3d 1170, 1173 n.3 (7th Cir. 1999). Still, a cursory review of the complaint shows that plaintiffs do fail to assert that in being detained they were thereby arrested or detained against their will such as to rise to the level of an arrest. Plaintiffs do not dispute that a school's power in relationship to its students is "custodial and tutelary, permitting a degree of supervision and control that could not be exercised over free adults." Vernonia School Dist. 47J v. Action, 515 U.S. 646, 655, 115 S.Ct. 2386, 2392 (1995). Instead, plaintiffs argue that this right did not give defendants the right to send innocent students to holding areas without probable cause. Plaintiffs provide no legal support for this argument and nor could this court find any support for plaintiffs' argument. As noted by defendants, school officials are within their legal and professional rights to ask the students to remain in a particular area of the school until the conclusion of the metal detector screening process to insure that the screening was carried out in an organized and safe manner. Consequently, Count II must be dismissed against defendants Board, Todd, Dailey, and Wilson. Defendants' motion in that respect is hereby GRANTED.

III. Permanent Injunction (Count III)

In Count III of the second amended complaint, plaintiffs request permanent injunctive relief against the school to stop defendants from conducting mass searches and seizures in violation of their constitutional rights. Defendants move to dismiss Count III, claiming that plaintiffs have failed to state facts necessary to show a cause of action against defendants. As this court just held, plaintiffs have sufficiently alleged a cause of action against the individual defendants in their individual capacities. Nevertheless, in order to prevail on a request for a permanent injunction, a

7

court must first determine: (1) whether the plaintiff has succeeded on the merits; (2) whether the plaintiff has an adequate remedy at law or will suffer irreparable harm without an injunction; (3) whether the balance of harms between the parties favors entering the injunction; and (4) whether the entry of the injunction will harm the public interest. <u>Plummer v. American Institute of Certified Public Accountants</u>, 97 F.3d 220, 229 (7th Cir. 1996). Whether plaintiffs will actually succeed on the merits cannot be determined this early in the proceedings. Rather, a determination of whether plaintiffs are entitled to a permanent injunctive relief must await until later stages of the proceedings. Accordingly, defendants' motion to dismiss Count III is DENIED.

## CONCLUSION

For these reasons, defendants' motion to dismiss is DENIED as to plaintiffs' § 1983 claim against the individual defendants in their individual capacities and GRANTED as to the § 1983 claim in Count I against defendant Board and the individual defendants in their official capacities as well as the false arrest claim in Count II against defendants Board, Todd, Dailey, and Wilson. These dismissals are without prejudice. The individual defendants are hereby given until July 21, 2000 to answer the remaining claims and counts of plaintiffs' second amended complaint. The parties are to conduct a Federal Rule of Civil Procedure 26(f) conference and submit a Form 35 by July 25, 2000. The parties are strongly urged to move this litigation along, proceed with discovery, and discuss the settlement of this case. The case is set for report on status at 10:00 on July 27, 2000.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
United States District Judge

DATE: July 10, 2000

8