Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7536 | **DATE** | 1/16/2001 |
| **CASE TITLE** | LEVETT et al vs. CHGO BOARD OF EDUCATION et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Pursuant to Memorandum Opinion and Order entered this day, plaintiff's motion for class certification is granted. The class is defined as follows: All individuals who were students of Lincoln Park High School, 2001 N. Orchard, Chicago, IL on November 16, 1999 and who were physically stopped, patted down, inappropriately touched or fondled, and/or searched at the direction of any or all of the defendants on or about November 16, 1999 either before the individuals walked through the metal detector or after the individuals walked through the metal detector, despite the fact that the metal detector did not go off when they passed through it.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 17 2001 | |
| | Notified counsel by telephone. | | date docketed | 96 |
| | Docketing to mail notices. | | *signature* | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/16/2001 | |
| | | | date mailed notice | |
| | courtroom | | | |
| JS | deputy's initials | | JS | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADAM T. LEVETT, et. al. | ) |
| Plaintiffs, | ) |
| v. | ) |
| CHICAGO BOARD OF EDUCATION, et. al. | ) No. 99 CV 7536 |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiffs Adam T. Levett and Stephanie Mark, ("Levett") filed a motion to maintain a class action against the defendants, Chicago Board of Education, et. al., ("Board"), pursuant to Rule 23 of the Federal Rules of Civil Procedure. The alleged class is defined by plaintiffs as:

> All individuals who were students of Lincoln Park High School, 2001 North Orchard, Chicago, Illinois on November 16, 1999 and who were physically stopped, patted down, inappropriately touched or fondled, and/or searched at the direction of any or all of the Defendants on or about November 16, 1999 either before the individuals walked through the metal detector or after the individuals walked through the metal detector, despite the fact that the metal detector did not go off when they passed through it.

For all the reasons stated herein, plaintiffs' motion for class determination is GRANTED.

1



## ANALYSIS

The prerequisites to a class action are set forth in Rule 23(a) of the Federal Rules of Civil Procedure. Rule 23(a) states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Federal Rule 23 should be construed to permit a class action where there is an injury to many persons so numerous that their voluntarily, unanimously joining in an action is improbable and impracticable, and under such circumstances injured parties who are so minded may present the grievance to a court on behalf of all, and remaining members of class may join as they see fit. For purposes of determining class certification, the plaintiffs' allegations are taken as true and the merits of the complaint are not examined.

I. Numerosity

Rule 23(a)(1) provides that a class action may be maintained only if the proposed class is so numerous that joinder of all members is impracticable. The party supporting a class action has the burden of demonstrating the numerosity requirement of a class action, and "mere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1)." 7A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1762 at 164 (2d ed. 1986). The party supporting the class, however, is not required to specify the exact number of persons in the class. Vergara v. Hampton, 581 F.2d 1281, 1284 (7th Cir.1978). In addition, the party supporting the class may not rely on conclusory allegations that joinder is impractical. Valentino v. Howlett, 528 F.2d 975, 978 (7th Cir.1976).

2

In this case, counsel for the plaintiffs state that they have sent out over 1500 questionnaires to the students at Lincoln Park High School asking for information surrounding the events of November 16, 1999. Counsel state that of those 1500 questionnaires, they have received back approximately 250 completed questionnaires, and that of those 250 completed they have interviewed 50 students. Counsel states of those 50 students interviewed, 39 individuals were searched in a manner consistent with the proposed class. Counsel calculate approximately 195 students are eligible for this class based on the 250 completed questionnaires received thus far. These numbers are based on facts uncovered by counsel's interviews. These numbers are not conclusory nor are they mere speculation. Therefore, the plaintiffs have provided sufficient evidence to establish that there will be at least 39 individuals out of 1489 potential members of this class. Taking all of the plaintiffs' allegations as true, the plaintiffs have sufficiently established numerosity.

Although Rule 23(a)(1)'s focus is on the actual number of class members, it is clear that the "numerosity" requirement should be considered in connection with all of the relevant circumstances bearing upon the practicability of joinder. See, e.g., Garcia v. Gloor, 618 F.2d 264, 267 (5th Cir.1980). Therefore, in light of the numerosity established by the plaintiff, the next question is how practicability is joinder of the parties. Practicability of joinder depends on several factors including the size of class, the ease of identifying class members and determining their addresses, the facility to provide proper service on the class members if joined and their geographic dispersion. In this case, plaintiffs argue that many of the individuals potentially eligible for this proposed class have already graduated from high school and are now attending college outside of Illinois, or otherwise geographically dispersed. The geographical dispersment tends to establish that joinder of all the injured parties is impracticable. In addition, with most of the members of the class still

3

unidentified, there is no plausible argument that it is practicable to join both known and unknown parties at this time. Thus, considering all the factors the requirements of Rule 23(a)(1) have been met by the plaintiffs.

II.  Common Questions of Law or Fact.

Rule 23(a)(2) provides that a class action may only be maintainable if there are questions of law or fact common to the class. In this case, the plaintiffs argue that all injured individuals allege violations of federal search and seizure law. The plaintiffs argue that the common questions of fact include: (1) whether the plaintiffs were searched, (2) was the search prior to the individual going through the metal detector, (3) was the search subsequent to the individual going through the metal detector and despite the metal detector not going off, (4) whether the individuals being search were inappropriately touched or fondled, (5) did the Board order a search of the entire school population, and (6) did the Board follow its own guidelines while conducting the search. Based on these common questions of law and fact presented by the plaintiffs and taking all of the allegations of the plaintiffs as true, the plaintiffs have satisfied the requirement of commonality requirement.

III.  Typicality

Rule 23(a)(3) provides that a class can may be maintained if the claims or defenses of the representative parties are typical of the claims or defenses of the class. The typicality requirement overlaps the other requirements designed to ensure that the class representative or representatives will fairly and adequately prosecute the claims of the absent class members. It is therefore related to the common question requirement just discussed as well as to the fair representation requirement of Rule 23(a)(4), discussed below. 7 A. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1764. The typicality requirement is satisfied if the claims and legal theories of the class

4

representatives are the same as those of the absent class members, even though factual distinctions may exist. A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The plaintiffs have established that all of the potential members of the class including the class representatives base their claims on a the same legal theory, search and seizure law. Plaintiffs have also established that all of the class member's claims arise from the events occurring on November 16, 1999 at Lincoln Park High School. Counsel for the plaintiffs state further that the named plaintiffs, Adam T. Levett and Stephanie Mark were both students of Lincoln Park High School on November 16, 1999, and were both searched by the Board. Plaintiffs admit that there my be some factual distinctions between the named plaintiffs and all the potential plaintiffs in this class. Factual distinctions, however, do not defeat typicality, where this is a similarity of legal theories and similarity in the surrounding events. Therefore, the plaintiffs have satisfied the typicality requirement.

IV. Adequacy of Representation

Finally, Rule 23(a)(4) provides that a class may be maintain only if "the representative parties will fairly and adequately protect the interests of the class." Fair and adequate representation does not require that the claims of the representative and those of the absent members be factually identical. That would usually be impossible. Plaintiffs have established that their claims are typical of the class and there is nothing on the record to suggest that the representatives have antagonistic interests or will not vigorously pursue the litigation on behalf of the class. The Board has offered no proof to establish that the class representatives are antagonistic or may be dilatory as to this litigation. In addition, it appears to this court that counsel for the plaintiffs are capable to provide

adequate representation throughout this litigation. The court concludes that the named plaintiffs will adequately represent the class.

V.      The Rule 23(b) Requirements

Having fulfilled the prerequisites of Rule 23(a), the plaintiffs must satisfy the requirements of Rule 23(b)(3) as well. Rule 23(b)(3) provides that a class an action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: (1) the prosecution of separate actions by or against individual members of the class would create the risk of (A) inconsistent or varying adjudication with respect to individual members of the case and (B) adjudications with respect to individual members of the class would be dispositive and protect the interests of all involved. (2) the party in opposition acted on grounds equally applicable to the class, (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

In this case, plaintiffs argue that the questions of law or fact common to members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. This court agrees. Finding that there are common questions of law and fact sufficient to meet the requirement

6

of Rule 23(a)(2) is not the same thing as a finding that those questions predominate as stated in Rule 23(b)(3). Under Rule 23(b)(3), the main focus is to determine whether the certification of a class is practical considering the facts, substantive law and fundamental fairness. In this case, the plaintiffs have established that the potential class is seeking a remedy for a common legal grievance and those alleged grievances all center around that same occurrence of events. Based on these representations of the plaintiffs, it is clear that any minor factual distinctions between individual class members pale in comparison to the overarching legal questions. In addition, the plaintiffs have established that the dispersed nature of the class, as well as the potential number of injured individuals make a class action a superior method for adjudication in order to properly protect the rights of all parties involved. As a result, plaintiffs have sufficiently satisfied the requirements of Rule 23(b).

## CONCLUSION

For all the reasons stated herein, Levett's motion for class determination is GRANTED. This case will proceed as a class action with the class being defined as follows:

> All individuals who were students of Lincoln Park High School, 2001 North Orchard, Chicago, Illinois on November 16, 1999 and who were physically stopped, patted down, inappropriately touched or fondled, and/or searched at the direction of any or all of the Defendants on or about November 16, 1999 either before the individuals walked through the metal detector or after the individuals walked through the metal detector, despite the fact that the metal detector did not go off when they passed through it.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: January 16, 2001